IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>PORNHUB.COM, XXXLPORN.COM, YOUPORN.COM, PENTHOUSE, HUSTLER, BUTTMAN, PLAYBOY, PLAYGIRL, GOOGLE.COM, JEVON WOODS, BRENDA MAE STINSON, and U.S. BANK,<br><br>Defendants. | 8:21CV146<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a state prisoner, filed his pro se Complaint (Filing 1) on March 17, 2021, and has been granted leave to proceed in forma pauperis ("IFP"). The court will now conduct an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that Defendants Woods and Stinson illegally profited, with assistance from U.S. Bank, by sending pornographic material involving Plaintiff to websites and magazines without his knowledge.

## III. DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the

United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "A pleading that states a claim for relief must contain **…** a short and plain statement of the grounds for the court's jurisdiction …." Fed. R. Civ. P. 8(a)(1).

Here, no discernible "federal question" is alleged in the Complaint, and, even if Plaintiff might be able to fashion a cause of action under state law, he has not provided any facts regarding the citizenship of the parties.[1] If Plaintiff and any Defendant are citizens of the same state (e.g., if both are domiciled in Nebraska), then diversity of citizenship does not exist, and this court does not have subject-matter jurisdiction.

On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that clearly sets forth a basis for this court's jurisdiction. If an amended complaint is filed, Plaintiff will also need to restate his claim to provide "fair notice" to each Defendant of the factual basis and legal grounds upon which Plaintiff is seeking relief.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

---

[1] Also, magazines and websites are not suable entities. *See Schiavone v. Fortune*, 477 U.S. 21 (1986). The proper defendant is the magazine publisher or website owner, which usually are corporations. A corporation is deemed a citizen of the state where it is incorporated and the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c).

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **July 1, 2021**—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 1st day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge