IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK CORPORATION; GOOGLE HQ CORPORATION; JEVON WOODS; BRENDA MAE STINSON; and TONY GREEN,<br><br>Defendants. | 8:21CV146<br><br><br>**MEMORANDUM AND ORDER** |

    Plaintiff is a state prisoner who has been granted leave to proceed in forma pauperis ("IFP"). In a Memorandum and Order entered on June 1, 2021 (Filing 11), the court determined that Plaintiff's Complaint (Filing 1) does not state any grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Plaintiff alleges in the Complaint that Defendants Woods and Stinson illegally profited, with assistance from U.S. Bank, by sending pornographic material involving Plaintiff to websites and magazines without his knowledge. The court determined the Complaint is subject to dismissal for lack of jurisdiction, but on its own motion gave Plaintiff leave to amend, while warning him that an amendment would supersede, not supplement, his prior pleading. The court will now conduct an initial review of Plaintiff's Amended Complaint (Filing 12) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

    The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state

a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff specifies he is claiming the existence of a "federal question" for the court's exercise of jurisdiction under 28 U.S.C. § 1331. In particular, Plaintiff alleges that as a vulnerable adult with autism, he is entitled to protection under 42 U.S.C. § 12101. Plaintiff also cites Neb. Rev. Stat. §§ 8-101.03, 28-813.01, and 86-111.01. Plaintiff has dropped several defendants and added one defendant (Tony Green).

Plaintiff alleges that Woods was his "state provider through Developmental Disabilities Services of the Department of Health & Human Services as a State Gov. Employee." (Filing 12, at 2.) Plaintiff claims Woods raped him in August 2019 while unknown persons videotaped the sexual assault and uploaded the video to internet porn sites. Plaintiff further alleges that Woods and Stinson "contacted corporation U.S. Bank to sign contracts for profit of the content from the videos sold & displayed on porn sites operated by Google corporation …." (Filing 12 at 4.) In addition, it is alleged that "D.H.H.S. Tony Green … retaliated [by] calling me delusional [and] removing me from State Funded Services in February of 2020." (Filing 12 at 5-6.) Plaintiff requests reinstatement of disability services, removal of the video from the internet sites, and $1 million in damages. (Filing 12 at 6.)

## III. DISCUSSION

42 U.S.C. § 12101 contains Congressional findings and a statement of purpose for enactment of the Americans with Disabilities Act of 1990 ("ADA"). The statement of purpose, in and of itself, does not give rise to a private right of action. "The Act is not a general protection of medically afflicted persons." *Christian v. St. Anthony Med. Ctr., Inc.*, 117 F.3d 1051, 1053 (7th Cir. 1997).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. However, Plaintiff has not named a public entity as a defendant in this action. Plaintiff's alleged rapist (Woods) is identified as a state employee, but he is sued only in his individual capacity. (Filing 12, at 2.) The Developmental Disabilities Director (Green) likewise is sued only in his individual capacity. (Filing 12, at 2.)[1] The Eighth Circuit has held that "Title II of the ADA provides a detailed remedial scheme barring a § 1983 action against state officials in their individual capacities." *Randolph v. Rodgers*, 253 F.3d 342,

---

[1] The third individual defendant (Stinson) is also sued only in her individual capacity, but she is not alleged to be a public employee. She instead is identified as Plaintiff's "legal guardian under Neb. Rev. St. § 30-2627." (Filing 12 at 2.) The other two defendants, U.S. Bank and Google, are private entities.

3

346 (8th Cir. 2001) (citing *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1011 (8th Cir. 1999) (en banc)).

Even if Plaintiff had sued Defendants Woods and Green in their official capacities, the Amended Complaint would still fail to state a claim against them for relief under Title II of the ADA in connection with the alleged rape. This is because "[c]ourts have declined to extend the Act's prohibition against discrimination to cover such intentional tortious acts as sexual assault." *Hernandez v. Fort Bend ISD*, No. CV H-19-915, 2019 WL 1934674, at *11 (S.D. Tex. May 1, 2019); *see Strange v. Mansfield Indep. Sch. Dist.*, No. 18-CV-101, 2018 WL 3950219, at *3 (N.D. Tex. Aug 17, 2018); *Woodberry v. Dall Area Rapid Transit*, No. 14-CV-3980, 2017 WL 840976, at *7 (N.D. Tex. Mar. 3, 2017); *Ball v. St. Mary's Residential Training Sch.*, No. 14-2855, 2015 WL 3448470, at *2-*3 (W.D. La. May 28, 2015); *Woods v. G.B. Cooley Hosp. Serv. Dist.*, No. 07-926, 2007 WL 4812054, at *2 (W.D. La. Dec. 10, 2007).

Under the facts alleged, the Amended Complaint would also fail to state an actionable official-capacity claim against Green for terminating Plaintiff's disability services in February 2020, because it is not reasonable to conclude that such action was taken "by reason of [Plaintiff's] disability." 42 U.S.C. § 12132. Rather, it appears Plaintiff is claiming his disability services were terminated because he made accusations against his provider, Woods, which were not believed.

Plaintiff claims the discontinuation of state services was retaliatory, but there also are not sufficient facts alleged to establish a claim for retaliation under Title V of the ADA. *See* 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.").

Titles I, III and IV of the ADA, which prohibit discrimination in employment, public accommodations, and telecommunication services, do not apply in this case. Indeed, the court can find no plausible basis for exercising jurisdiction over the internet-related claims alleged against Stinson, U.S. Bank, and Google. Plaintiff's

references to Nebraska statutes do not provide the court with "federal question" jurisdiction under 28 U.S.C. § 1331, and Plaintiff does not seek to invoke "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332.[2]

## IV. CONCLUSION

Plaintiff's Amended Complaint is subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. However, the court on its own motion will give Plaintiff 30 days in which to file a Second Amended Complaint that states an actionable claim for relief against Defendant Tony Green, in his official capacity only, under Title II or Title V of the Americans with Disabilities Act.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file a Second Amended Complaint in accordance with this Memorandum and Order. Failure to file a Second Amended Complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that a Second Amended Complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A in the event he files a Second Amended Complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **September 27, 2021**—amended pleading due.

---

[2] The Nebraska statutes Plaintiff cites also do not rise to a cause of action under state law. Section 8-101.03 is the definitions section of the Nebraska Banking Act; section 28-813.01 is a criminal statute; and section 86-111.01 defines internet-protocol-enabled service under the Nebraska Telecommunications Regulation Act.

5

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 26th day of August 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge